UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MARGARITO AGUILAR, SHARON KAY )
AGUILAR, and M. AGUILAR, a minor child, )
by and through his Parents and next friends, )
Margarito and Kay Aguilar, )
)
    Plaintiffs, )
) Civil Case No. 1:10-CV-258
    v. )
) Chief Judge Curtis L. Collier
CITY OF ENGLEWOOD, *et al.*, )
)
    Defendants. )

## **MEMORANDUM**

Before the Court is a partial motion to dismiss filed by Defendants City of Englewood ("the City") and Chief Darrell Wright ("Wright")(collectively, "Defendants")(Court File No. 4) and an accompanying memorandum (Court File No. 5). Plaintiffs Margarito Aguilar, Sharon Kay Aguilar, and M. Aguilar (collectively, "Plaintiffs") filed a response in opposition (Court File No. 11), to which Defendants replied (Court File No. 13). For the following reasons, the motion to dismiss (Court File No. 4) will be **GRANTED IN PART** and **DENIED IN PART**.

**I.    FACTS**

Plaintiffs filed this action on September 14, 2010, based on events surrounding Plaintiff Margarito Aguilar's arrest on October 23, 2009. Plaintiffs' complaint alleges violations of civil rights under the Fifth and Fourteenth Amendments and the Tennessee Constitution as well as multiple state law claims. Plaintiffs seek damages as well as declaratory and injunctive relief and have sued the City, Wright, Officers Aaron McMahan and Jim Wilkerson in their individual and

official capacities, and fictitious parties who have yet to be identified. Defendants Wright and the City move to dismiss Plaintiffs' (1) claims under the Fifth Amendment to the United States Constitution, (2) claims under the Tennessee Constitution, (3) state law claim for outrageous conduct against the City, (4) state law claims for assault and battery against the City, and (5) negligence claim against Wright in his individual capacity.

The Court will address each of these claims in turn.

## II.   STANDARD OF REVIEW

When reviewing a motion to dismiss for failure to state a claim, the Court must consider the sufficiency of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiffs and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

A.  **Fifth Amendment**

Defendants contend Plaintiffs fail to state a claim under the Fifth Amendment because there are no allegations any of the defendants were acting on behalf of a federal government agency. The guarantees of procedural due process and equal protection are applied to the states through the Fourteenth Amendment of the United States Constitution. The Fifth Amendment's Due Process Clause applies only to the federal government and when the Fourteenth Amendment is cited, reliance on the Fifth Amendment is redundant. *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). In their response, Plaintiffs clarify the reference to the Fifth Amendment in "Claim X" was to acknowledge the Incorporation Doctrine and they "stipulate that this Claim does not allege a violation of the 5th Amendment to the United States Constitution" (Court File No. 12 p. 2).

Because there are no allegations in the complaint involving actions by the federal government, the parties correctly note the lack of support for a Fifth Amendment claim. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claims under the Fifth Amendment.

B.  **Tennessee Constitution**

Defendants move to dismiss Plaintiffs' claims for violations of the Tennessee Constitution, claiming "Sixth Circuit precedent establishes that Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution" (Court File No. 5, p. 4 (citing *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996)). Plaintiffs claim this rule is only definitive for monetary damages and they are not per se precluded from seeking injunctive relief under the Tennessee Constitution. Plaintiffs' Complaint seeks, in part, "[i]njunctive relief against the City of Englewood prohibiting

3

ethnic and/or racial discrimination and/or harassment" (Court File No. 1, pp. 2 ¶ 1 and pp. 28- 29).

Defendants correctly argue the established precedent demonstrates there is no private cause of action for damages under the Tennessee Constitution. *See, e.g., Cline*, 87 F.3d at 179; *Lee v. Ladd*, 834 S.W.2d 323, 325 (Tenn. Ct. App. 1992) (affirming a lack of authority for the "recovery of damages for violation of the Tennessee Constitution by a state officer"); *Wooley v. Madison Cnty.*, 209 F. Supp.2d 836, 844 (W.D. Tenn. 2002); *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999) ("Tennessee, however, has not recognized any such implied cause of action for damages based upon violations of the Tennessee Constitution."); *see also Parker v. Henderson Cnty.*, 450 F. Supp.2d 842, 846 (W.D. Tenn. 2006) (failing to distinguish between claims for damages or injunctive relief and granting summary judgment on the state constitutional claims "because the Tennessee courts have not recognized a private right of action for violations of the state constitution"); *Boling v. Gibson Cnty*, No. 05-1129, 2005 WL 1936299 at *2 (Aug. 1, 2005) (dismissing state constitutional claims without distinguishing between claims for damages and claims for injunctive relief).

Although Tennessee has recognized a cause of action under the state constitution to enjoin enforcement of Tennessee statutes found unconstitutional, *see Planned Parenthood of Middle Tenn. v. Sunquist*, 38 S.W.3d 1 (Tenn. 2000), this relief has not been explicitly extended to claims alleging unconstitutional action by individuals. As the court noted in *Peterson v. Dean*, 2009 WL 3517542 at *2 (M.D. Tenn. Oct. 23, 2009), it is not clear "that Tennessee courts have either recognized or proscribed a private right of action for injunctive relief, or whether they would be inclined to do so in the future."

The Court agrees the relevant precedent in this area does not clearly preclude Plaintiffs'

4

claims for injunctive relief. Accordingly, construing the complaint in the light most favorable to the plaintiffs, dismissal of their claims for injunctive relief at this early stage of the litigation is premature and is in conflict with the Court's preference for adjudicating cases on the merits.

The Court will therefore **DENY** Defendants' motion to dismiss Plaintiffs' claims for injunctive relief against the City of Englewood under the Tennessee Constitution.

### C. Outrageous Conduct

Defendants move to dismiss Plaintiffs' claim against the City for "outrageous conduct," arguing this cause of action is equivalent to intentional infliction of emotional distress. In "Claim V" of the complaint, Plaintiffs assert "Outrageous Conduct/Intentional *and/or* Negligent Infliction of Emotional Distress" (Court File No. 1, p. 21). Plaintiffs do not dispute a cause of action for *intentional* infliction of emotional distress against the City is barred by the Tennessee Governmental Tort Liability Act, §§ 29-20-101 *et seq.* ("TGTLA") and *Sallee v. Barrett*, 171 S.W.3d 822 (Tenn. 2005). Section § 29-20-205(2) of the TGTLA removes governmental immunity for injuries proximately caused by a negligent act or omission of any employee subject to certain exceptions, including "infliction of mental anguish." However, in *Sallee*, the court held "[b]ecause the rest of the enumerated torts [in § 29-20-205(2)] are all intentional torts, we conclude that 'infliction of mental anguish' is also meant to include only the intentional tort." 171 S.W.3d at 829.

Because Plaintiffs are precluded from pursuing a claim of intentional infliction of emotional distress against the City, dismissal is appropriate and the Court will **GRANT** Defendants' motion on this claim. The Court finds Plaintiffs have also stated a claim for negligent infliction of emotional distress in their complaint by alleging the five elements of a negligence claim against the City of Englewood along with sustaining serious and severe mental and emotional injuries. *Eskin*

*v. Bartee*, 262 S.W.3d 727, 735 (Tenn. 2008). The City of Englewood is not immune from a claim of negligent infliction of emotional distress and the Court will **DENY** Defendants' motion as to this claim.

### D. Assault and Battery

Defendants move to dismiss Plaintiffs' claims against the City for the alleged assault and battery by Officers McMahan and Wilkerson. Defendants argue the City is afforded immunity from all such claims. Plaintiffs respond by pointing to their claims of negligence against the City and allegations the alleged assault and battery were the result of the City's failure to train.[1] Plaintiffs cite *Limbaugh* and argue their claims of assault and battery should be allowed to proceed against the City.

Governmental entities can be held liable for intentional torts not enumerated in § 29-20-205(2) - such as assault and battery- where a negligent act proximately causes the injuries to the plaintiff. *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 81 (Tenn. 2001); *McNabb v. City of Memphis*, No. 03-2334, 2004 WL 2384958, *4 (W.D. Tenn. March 8, 2004) ("The decision in *Limbaugh* does not allow a governmental entity to be sued directly for the intentional torts of assault and battery; it merely removed governmental immunity for these intentional torts that are caused by a negligent act or omission of the governmental entity."); *see also Fortenberry v. George*, 2002 WL 1446675 at * 7 (Tenn. Ct. App. July 3, 2002)(denying governmental entity's motion to dismiss

---

[1] Plaintiffs also note the City of Englewood may arguably be afforded immunity under § 29-20-205(1), but the discretionary function aspect has not been briefed and Defendants merely cite this aspect of Plaintiffs' response in their reply (Court File No. 13, p. 4). Defendants' partial motion to dismiss is based solely on the fact the City of Englewood is completely immune from suit for common law assault and battery.

because the entity "is not immune from Plaintiff's negligence claim for injuries arising out of assault and battery"). Thus, in order for the City of Englewood to be held liable for assault and battery, the plaintiffs must demonstrate a negligent act or omission leading to the intentional tort. Plaintiffs have alleged facts sufficient to state a claim that the City acted negligently, and thus dismissal is unwarranted.

The Court will **DENY** Defendants' motion to dismiss Plaintiffs' assault and battery claims.

### E. Negligence

Defendants seek dismissal of Plaintiffs' negligence claim against Wright in his individual capacity based on the operation of Tenn. Code Ann. §§ 29-20-310 and 29-20-205. Defendants argue Wright was acting in the course and scope of employment and has absolute immunity from Plaintiffs' negligence claims because the City of Englewood's immunity has been removed. *See* Tenn Code Ann. § 29-20-310(b). Plaintiffs contend dismissal is premature because Defendants have denied in their Answer that any grounds exist to remove the immunity provisions of TGTLA under a claim of negligence (Court File No. 12 p. 13 (citing Court File Nos. 1 at ¶ 165; 6 at ¶ 165). Plaintiffs further claim ruling on the issue is premature unless "the City of Englewood has or is willing to waive its immunity with respect to claims against Defendant Wright for negligence" (*id.* at p. 13).

Defendants' reply includes a statement the City "does not allege that it is immune from suit for negligence" (Court File No. 13, p. 5). Because the immunity provision of the TGTLA has been removed for negligence claims against the City, Wright, as a city employee is immune from Plaintiffs' claims of negligence. *See* Tenn Code Ann. § 29-20-310(b); *Erwin v. Rose*, 980 S.W.2d 203, 206 (Tenn. Ct. App. 1998) ("it is obvious the legislature wished to limit the exposure of

7

municipal employees while it selectively removes immunity of a municipality itself. It did so . . . by giving the employee absolute immunity in cases where the municipality's immunity was removed.").

It is undisputed Wright was acting in his capacity as an employee of the City of Englewood at all times relevant to this action. Because § 29-20-205 removes the immunity provision of the TGTLA for the City's alleged negligent conduct, Wright is immune from Plaintiffs' negligence claims. The Court will therefore **GRANT** Defendants' motion to dismiss Plaintiffs' negligence claims against Wright.

## IV. CONCLUSION

For the reasons discussed above, Defendants' partial motion to dismiss (Court File No. 4) will be **GRANTED IN PART** as to Plaintiffs' Fifth Amendment and intentional infliction of emotional distress against the City, and Plaintiffs' negligence claim against Wright in his individual capacity. Defendants' motion will be **DENIED IN PART** as to the remaining claims for injunctive relief under the Tennessee Constitution, negligent infliction of emotional distress, and assault and battery against the City.

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**